IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                 NO.
65,537-01



 

 

                                           EX
PARTE DAVID GARZA, Applicant

 

                                                                              



 ON APPLICATION FOR A WRIT
OF HABEAS CORPUS WRIT OF PROHIBITION, AND MOTION FOR TEMPORARY RELIEF

                                                       FROM
BEXAR COUNTY



 

 

Johnson, J., filed a statement dissenting to the denial
of relief.

 

 

                                 D
I S S E N T I N G   S T A T E M E N T

 








As
lawyers, we are admonished to avoid not only impropriety, but also the
appearance of impropriety.  We are also responsible for the actions of persons
who, while not attorneys themselves, act as our agents.  We are so instructed
because even the appearance of impropriety creates doubt about the integrity of
the justice system and decreases public confidence in the courts.  I believe
that this is a case in which there is the appearance of impropriety by both an
attorney and agents of that attorney: A prosecutor who, as a district judge,
presided at a past proceeding in this case, and investigators whose unfortunate
remarks, which appear to reveal an intention to reach a predetermined conclusion
in the renewed investigation, became public.  

It
may be argued that this is an investigation into whether there is a murderer
who has not been prosecuted, not an investigation into whether the case against
Ruben Cantú can withstand scrutiny in light of the recent recantations, and
that therefore there is no impropriety.  However, Garza testified against
Cantú, saying that Cantú was the person who went into a house and shot two
persons, killing one.  Garza was convicted of robbery in that case, after claiming
that he did not enter the house and did not know that anyone would be harmed. 
Given that testimony, any inquiry into whether there is a murderer who has not
been prosecuted necessarily implicates the case against Ruben Cantú.  

Because
of that unavoidable implication, I believe that the refusal of the elected
district attorney to recuse herself and the investigators creates the
appearance of impropriety.  Both the elected district attorney and the
investigators should be barred from any contact with the current
investigation.  Requiring that a special prosecutor and different
investigators, preferably ones who were not involved in the prior
investigation, be assigned to the investigation would go a long way to removing
any appearance of impropriety and, perhaps, increasing public confidence in the
courts.

While
the immediate issue is the incarceration of Garza under an order of civil
contempt for failure to testify to the grand jury while under subpoena, the
matter could, presumably, be resolved if the elected district attorney recused
herself and arranged for the assignment of different investigators or if this
Court ordered the recusal of the elected district attorney and the
investigators.  Because the elected district attorney has refused to recuse
herself and the investigators and the Court has failed to require such
recusals, I respectfully dissent.

Filed: August
30, 2006